IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STEVE NIDES,

    Plaintiff,

vs.                                                            No. 3:16-cv-00899-DRH

UNITED STATES OF AMERICA,

    Defendant.

**ORDER**

**HERNDON, District Judge:**

**INTRODUCTION**

    This matter is before the Court on petitioner Steve Nides' motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). Under Rule 4(b) of the RULES GOVERNING § 2255 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, a judge receiving a § 2255 motion must conduct a preliminary review and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." A preliminary review of the petition shows that it must be dismissed.

**BACKGROUND**

    Petitioner pleaded guilty, with the benefit of a written plea agreement, to one count of conspiracy to distribute marijuana in violation of 21 U.S.C. §§

841(a)(1) and 846 (3:07-cr-30136 Doc. 216 & 217). On June 18, 2009, petitioner was sentenced to 188 months imprisonment, 5 years supervised release, a $100 assessment, and a fine of $875 (3:07-cr-30136 Doc. 290). Judgment was entered that same day. *Id.* Petitioner did not file a direct appeal.

On May 10, 2010, petitioner filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (3:10-cv-348 Doc. 1). Petitioner asserted that he was provided ineffective assistance of counsel because his counsel did not file a notice of appeal as petitioner allegedly instructed. The government was directed to respond to petitioner's motion and the petitioner replied (Doc. 4 & Doc. 5). An evidentiary hearing was held on January 13, 2011 (Doc. 8). Thereafter, the Court appointed counsel to represent petitioner (Doc. 12). A second evidentiary hearing was held on July 7, 2011 (Doc. 15). At the evidentiary hearing, the petitioner moved to voluntarily dismiss his case (Doc. 15). The Court granted the petitioner leave to withdraw his petition, without prejudice, and closed the case (Doc. 15).

## DISCUSSION

Now, more than seven years after judgment was entered in the subject criminal action and more than six years after the petitioner initially asserted an ineffective assistance of counsel claim for failure to file appeal, the petitioner brings a second 2255 petition. The government has not been ordered to file a response to petitioner's § 2255 motion. Pursuant to 28 U.S.C. § 2255 and Rule 4

of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS, the Court has reviewed petitioner's filing to determine whether he might be entitled to relief. For procedural reasons, the Court determines that he is not.

28 U.S.C. § 2255(f) imposes a one year period of limitations upon the filing of a motion attacking a sentence imposed under federal law. This period generally begins to run on the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). Alternatively, where a petitioner seeking relief under § 2255 alleges ineffective assistance of counsel for failure to file a notice of appeal, before calculating the time period under § 2255(f)(4) the court must determine whether a duly diligent person in petitioner's circumstances would have discovered that no appeal had been filed. *Anjulo–Lopez v. United States*, 541 F.3d 814, 818 (8th Cir. 2008). Here, under either standard, the petition is clearly time barred.

The fact that petitioner previously filed a timely § 2255 petition asserting ineffective assistance of counsel with regard to failure to file an appeal does not alter this result. The petitioner, with the aid of counsel, elected to voluntarily dismiss that petition. The Court's docket indicates the petitioner wished to file a new 2255 petition asserting additional claims. The Court granted leave to withdraw the petition, without prejudice, and closed the case. Unfortunately, this does not resolve the timeliness issues associated with the current petition. Further, the Court was not required to warn the petitioner regarding the potential consequences of withdrawing his petition. See *Pliler v. Ford,* 542 U.S. 225, 124

S.Ct. 2441, 2446, 159 L.Ed.2d 338 (2004) (judge is constrained by a duty of impartiality and cannot be a litigant's advocate). *See also Arrieta v. Battaglia,* 461 F.3d 861, 867 (7th Cir. 2006) (District court's failure to warn petitioner that voluntary dismissal of 2254 petition would eliminate his ability to obtain federal habeas review altogether was not basis for equitable tolling of one-year statute of limitations). As such, the Court cannot consider petitioner's arguments on the merits and petitioner's § 2255 petition is denied as untimely.

## CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A habeas petitioner does not have an absolute right to appeal a district court's denial of his habeas petition; he may appeal only those issues for which a certificate of appealability have been granted. *See Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must demonstrate that, "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " *Id.* (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Where a district court denies a habeas petition on procedural grounds, the court should issue a certificate of appealability only if (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 485.

Reasonable jurists could not debate that the petition should have been resolved in a different manner. Reasonable jurists would not debate that the petition does not state a valid claim of the denial of a constitutional right, nor would they debate that the petition is untimely. Therefore, the Court declines to certify any issues for review pursuant to 28 U.S.C. § 2253(c).

## CONCLUSION

For the aforementioned reasons, petitioner Steve Nides' motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED** as untimely, and the Court shall not issue a certificate of appealability. This action is **DISMISSED** with prejudice, and judgment shall enter accordingly.

**IT IS SO ORDERED.**

Signed this 15th day of September, 2016.

**United States District Judge**